UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

KEITH COOK,

                Plaintiff,

    -against-

BANK OF AMERICA & CO., JOHN FRAZZA,
SUSAN COLE,

              Defendants.

------------------------------------------------------------------ x

    :
    :
    :   Civil Action No. 09-cv-8039
    :
    :   **<u>MEMORANDUM OF LAW IN</u>**
    :   **<u>SUPPORT OF DEFENDANT'S</u>**
    :   **<u>MOTION FOR SUMMARY</u>**
    :   **<u>JUDGMENT</u>**
    :
    :

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 91 L.Ed. 2d. 202, 106 S. Ct. 2505 (1986) ........ 4, 13

Bogle-Assegai v. State of Connecticut, 470 F.3d 498 (2d Cir. 2006) ............................. 17, 18, 19

Brown v. Society for Seaman's Children, 194 F.Supp.2d 182 (E.D.N.Y. 2002) .......................... 9

Carl v. City of Yonkers, 2008 U.S. Dist. LEXIS 102489 at * 15............................................. 17, 18

DeZego v. Bruhn, 472 N.Y.S.2d 414 (2d Dept. 1984) ................................................................ 18

Donahue v. Windsor Locks Board of Fire Comm'rs, 834 F.2d 54 (2d. Cir. 1987)................................. 4

Duncan v. New York City Transit Authority, 45 Fed. Appx. at 16............................................... 11

Escobar v. City of New York, 2009 U.S. Dist. LEXIS 125203 at * 6 (E.D.N.Y. Oct. 23,
    2009) ......................................................................................................... 17, 18, 19

Forrest v. Jewish Guild for the Blind, 786 N.Y.S.2d 382 (N.Y. 2004) ..................................... 6, 12

Galabya v. New York City Bd. of Educ., 202 F.3d 636 (2d Cir. 2000) ..................................... 7, 8

Ganzy v. Sun Chemical Corp., 2008 U.S. Dist. LEXIS 60149 at * 14 (E.D.N.Y. Aug. 8,
    2008) .............................................................................................................. 10

Gordon v. New York City Bd. of Ed., 232 F.3d 111 (2d Cir. 2000) ......................................... 13

Hargett v. New York City Transit Authority, 640 F. Supp. 2d 450 (S.D.N.Y. 2009)................... 4

Harris Lee v. Sony BMG Music Entertainment, Inc., 2010 U.S. Dist. LEXIS 19481 at *
    15 (S.D.N.Y. March 3, 2010) ....................................................................... passim

Holt v. KMI-Cont'l, Inc., 95 F.3d 123 (2d Cir. 1996) ................................................................. 6

Huhn v. Koehring Co., 718 F.2d 239 (7th Cir. 1983)................................................................. 11

James v. N.Y. Racing Ass'n, 233 F.3d 149 (2d Cir. 2000) ..................................................... 6, 10

Leung v. New York University, 2010 U.S. Dist. LEXIS 33265 at * 9 (S.D.N.Y. March
    29, 2010) ................................................................................................. 5, 14, 15

Mathirampuzha v. Potter, 548 F.3d 70 (2d Cir. 2008).................................................................. 7

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) ..................................... 4

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ............................................... 5

McIntosh v. Covenant House, 2007 U.S. Dist. LEXIS 50257 at * 22 (S.D.N.Y.
   June 28, 2007)......................................................................................................... 18

Meiri v. Dacon, 759 F.2d 989 (2d Cir. 1985) ............................................................. 11

Newsom-Lang v. Warren International, Inc., 80 Fed. Appx. 124 (2d. Cir 2003)......................... 11

Octobre v. Radio Shack Corporation, 2010 U.S. Dist. LEXIS 22997 at * 8 (S.D.N.Y.
   March 11, 2010)........................................................................................................ 5

Phipps v. Comprehensive Community Development Corp., 2005 U.S. Dist. LEXIS 1672
   at * 52 (S.D.N.Y. February 4, 2005)............................................................................ 13

Ragin v. East Ramapo Central School, 2010 U.S. Dist. LEXIS 32576 at * 18 (S.D.N.Y.
   March 31, 2010)................................................................................................. passim

Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133 (2000) ..................................... 6

Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749 (2d Cir 2004) ............................. 7, 8

Scaria v. Rubin, 117 F.3d 652 (2d. Cir. 1997)........................................................... 11

Schnabel v. Abramson, 232 F.3d 83 (2d Cir. 2000) ..................................................... 6

Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87 (2d Cir. 2001)............................... 16

Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87 (2d Cir. 2001) ......................... 13

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993) ............................................. 5, 6, 10

Umansky v. Masterpiece Intern. Ltd., 1998 WL 433779 (S.D.N.Y. July 31, 1998) ................ 9

Van Dine v. Robert Bosch Corp., 62 F.Supp.2d at 647 ................................................ 10

Verneiro v. Air Force Acad. Sch. Dist. No. 20, 705 F.2d 388 (10th Cir. 1983)...................... 11

Walker v. New York City Transit Authority, 2001 U.S. Dist. LEXIS 14569 at * 29
   (S.D.N.Y. Sept. 19, 2001)......................................................................................... 17

Wanamaker v. Columbian Rope Co., 108 F.3d 462 (2d Cir. 1996) ................................... 8

Weinstock v. Columbia Univ., 224 F.3d 33 (2d Cir. 2000).......................................... 5, 10

Williams v. City of New York, 2006 U.S. Dist. LEXIS 97750 at * 76 (E.D.N.Y. Sept. 18,
   2006) .................................................................................................................. 13

Witkowich v. Holder, 2010 U.S. Dist. LEXIS 32548 at * 4 (S.D.N.Y. March 31, 2010)............. 4

BOS 754337.1                               ii

**Statutes**

CPLR § 308 ................................................................................................................. 18

CPLR § 313 ................................................................................................................. 18

**Rules**

Fed. R. Civ. P. 4(e) ................................................................................................ 17, 18

Fed. R. Civ. P. 56(c) ................................................................................................. 3, 4

Fed. R. Civ. P. 56(e) .................................................................................................... 4

Bank of America, N.A., incorrectly identified as "Bank of America & Co.," ("Defendant") on its behalf and in support of dismissal of individual named defendants, John Frazza ("Frazza") and Susan Cole ("Cole") from this action, submits this Memorandum in Support of Defendant's Motion for Summary Judgment as to all counts of the Verified Complaint ("Complaint") filed by plaintiff Keith Cook ("Plaintiff" or "Cook"), including for race discrimination, retaliation and aiding and abetting under the New York State Human Rights Law, New York State Executive Law § 290, et seq. ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York §§ 8-101, et seq.[1]

## INTRODUCTION

Following a review of Plaintiff's work performance in or around September 2008 and his actions during a later security investigation, effective March 26, 2009, Plaintiff's employment with the Bank in the role of mortgage Sales Manager for its West Hempstead branch terminated. Frazza, the Regional Executive who had hired Plaintiff for the role and Plaintiff's senior manager at the time, decided in late September 2008 to terminate Plaintiff's employment for loss of trust and confidence in relation to Plaintiff's management of the West Hempstead branch. Initially, communication of the termination decision to Plaintiff was delayed by his request for and initiation of a family leave of absence from work.

The September termination decision was made by Frazza in consultation with the Bank's Advice & Counsel human resources call center and the line of business HR Manager, Julia Caslin ("Caslin"). The decision followed a review by Diana Rhine ("Rhine"), Advisor in Advice & Counsel, of Plaintiff's actions with respect to required reporting, management of the production performance of his direct reports, his failure to communicate with his own direct line

---

[1] This matter was removed to this Court on September 18, 2009 based on diversity jurisdiction.

managers about issues of concern to him, his failure to follow management directives,  and his varied statements regarding his failure to acknowledge and return to his direct management team a March 2008 written.

Further delaying communication of the September termination decision to Plaintiff, in November 2008, while Plaintiff was on family leave, the Bank received an anonymous letter that alleged concerns about Plaintiff and some of his direct reports with respect to their activities.  In response, the Bank initiated a security investigation and at the conclusion of Plaintiff's family leave, placed him on paid administrative leave pending the outcome of the investigation. During the security investigation, Plaintiff engaged in additional conduct  that was deemed  by the Senior Investigator, Regina Forest, to violate Bank policy with respect to security of electronic communications and the terms of Plaintiff's paid administrative leave.   At the conclusion of the security investigation, effective March 26, 2009, the Bank terminated Plaintiff's employment.

In spite of the undisputed facts of record in this case, Plaintiff now presses legally insufficient claims under state and city law for retaliatory termination and harassment, race discrimination in the terms and conditions of employment and, as against Frazza and Cole, aiding and abetting discrimination and retaliation.   Plaintiff claims his termination from employment with Defendant resulted not from his own performance and management failures, nor from his violations of Bank policy and the terms of  his paid administrative leave, but rather from unlawful retaliation for alleged prior complaints of race discrimination.  See Complaint 44. However, Plaintiff's claim for retaliatory discharge fails because he is unable to prove he engaged in protected activity by making any complaint of race discrimination before Defendant made its decision to terminate his employment in September 2008.  Thus, without engaging in

protected activity under the relevant statute, Plaintiff cannot claim the protection of the anti-retaliation provision of New York state and city law.   In addition, other than his termination, the incidents  Plaintiff cites to support his claim of retaliation are, by his own admission, retaliation not for any complaint of race discrimination, but rather because his direct reports refused at various times to transfer to or work under a different manager.

Further, although Plaintiff alleges discrimination on the basis of his race by denying him equal terms and conditions of employment, the incidents and actions he cites to support such claim do not rise to the level of adverse employment action. Finally, as to Plaintiff's claims for race discrimination and retaliation, he cannot demonstrate that the articulated reasons for the decisions concerning his employment are a pretext for race discrimination or retaliation for protected activity.

Plaintiff alleges claims for individual liability for aiding and abetting discrimination and retaliation against named defendants Frazza and Cole. See Complaint, Third and Sixth Causes of Action.   Such claims fail because Plaintiff has not properly served these individual named defendants and because he cannot establish actionable claims race discrimination and retaliation.

Defendant, Frazza and Cole have moved for summary judgment on all counts of Plaintiff's Complaint.  Because these claims are without legal merit, and are contrary to the undisputed material facts, they should be dismissed pursuant to Fed. R. Civ. P. 56(c).

## FACTS

Defendant refers to and incorporates herein by reference the separately filed Local Rule 56.1 Statement of Material Facts In Support of Defendants' Motion for Summary Judgment and the record evidence which supports such statement.[2]

---

[2] Citation herein to the Local Rule 56.1 Statement of Material Facts In Support of Defendants' Motion for Summary Judgment shall be in the form "SOF ¶__."

## ARGUMENT

I. **SUMMARY JUDGMENT SHOULD BE GRANTED WHERE, AS HERE, THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND THE MOVING PARTIES ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW**

Summary judgment is proper where there is no genuine issue of material fact to be tried on a matter and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); Donahue v. Windsor Locks Board of Fire Comm'rs, 834 F.2d 54, 57 (2d. Cir. 1987); Hargett v. New York City Transit Authority, 640 F. Supp. 2d 450, 471 (S.D.N.Y. 2009); Witkowich v. Holder, 2010 U.S. Dist. LEXIS 32548 at * 4 (S.D.N.Y. March 31, 2010). In determining whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 91 L.Ed. 2d. 202, 106 S. Ct. 2505 (1986). A fact is "material" within the meaning of Fed. R. Civ. P. 56 only when its resolution will "affect the outcome of the suit under governing law." Witkowich, 2010 U.S. Dist. LEXIS at * 5; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Once the moving party has met its burden under Rule 56, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A plaintiff faced with a properly supported motion cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. Ragin v. East Ramapo Central School, 2010 U.S. Dist. LEXIS 32576 at * 18 (S.D.N.Y. March 31, 2010). Nor may a plaintiff simply rely on allegations or denials in his own pleadings, conclusory allegations, conjecture, or speculation. Hargett, 640 F. Supp. 2d at 471.

Summary judgment is appropriate "even in the fact-intensive context of discrimination cases," and "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to . . . other areas of litigation." Ragin, 2010 U.S. Dist. LEXIS 32576 at * 18; Octobre v. Radio Shack Corporation, 2010 U.S. Dist. LEXIS 22997 at * 8 (S.D.N.Y. March 11, 2010).  As in other cases, in the context of discrimination, the mere scintilla of evidence in support of the non-moving party's position will be insufficient, and there must be evidence on which a jury could reasonably find in non-movant's favor.  Octobre, 2010 U.S. Dist. LEXIS 22997 at * 8.   Notably, when faced with a discrimination claim, courts must "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."  Id. at * 9.  Therefore, the non-moving must offer "concrete particulars" as to each element of his claim for which he bears the burden of proof.  Id. at * 8; Ragin, 2010 U.S. Dist. LEXIS 32576 at * 18-19.

## II.   PLAINTIFF'S CLAIMS FOR RACE DISCRIMINATION FAIL AS A MATTER OF LAW

Cases brought under the NYSHRL and NYCHRL require the same presentation of proof that is applied to Title VII cases. Weinstock v. Columbia Univ., 224 F.3d 33, 42 n. 1 (2d Cir. 2000).[3]   To prevail on an employment discrimination claim under Title VII's the familiar McDonnell Douglas test, a plaintiff initially is required to make out a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Only if the plaintiff establishes every element of his prima facie case, the burden then shifts to a defendant to provide a legitimate nondiscriminatory reason for the adverse employment decision.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (citation omitted). A defendant meets this burden if its

---

[3] See Harris Lee v. Sony BMG Music Entertainment, Inc., 2010 U.S. Dist. LEXIS 19481 at * 15 (S.D.N.Y. March 3, 2010) ; Leung v. New York University, 2010 U.S. Dist. LEXIS 33265 at * 9 (S.D.N.Y. March 29, 2010).

evidence, "taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142 (2000) and Schnabel v. Abramson, 232 F.3d 83, 88 (2d Cir. 2000) (internal quotation omitted).

Once a defendant meets this burden of production, the "plaintiff has the ultimate burden to prove that the employer's reason was merely a pretext for discrimination." Holt v. KMI-Cont'l, Inc., 95 F.3d 123, 129 (2d Cir. 1996); see also, James v. N.Y. Racing Ass'n, 233 F.3d 149, 153-54 (2d Cir. 2000). To survive summary judgment "at the third step plaintiff must put forth adequate evidence to support a rational finding that the legitimate non-discriminatory reasons proffered by the employer were false, and that more likely than not the employee's sex or race was the real reason for the discharge." Holt, 95 F.3d at 129. The Supreme Court specifically reaffirmed the requirement that a plaintiff must submit sufficient evidence of intentional discrimination: "it is not enough . . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. at 147 (2000) (quoting St. Mary's Honor Ctr., 509 U.S. at 519) (emphasis in original).

### A.   As To The Alleged Incidents Of Race Discrimination, Plaintiff Cannot Establish A Prima Facie Case Of Race Discrimination

Plaintiff alleges that he was treated differently and denied equal terms and conditions of employment because he is African-American.   To establish a prima facie case of discrimination, Plaintiff must show that "(1) [he] belongs to a protected class; (2) he was performing [his] duties satisfactorily; (3) [he] was subject to an adverse employment action; and (4) the action occurred in circumstances giving rise to an inference of discrimination based on plaintiff's membership in that class." Harris Lee v. Sony BMG Music Entertainment, Inc., 2010 U.S. Dist. LEXIS 19481 at * 15; Forrest v. Jewish Guild for the Blind, 786 N.Y.S.2d 382, 390 (N.Y. 2004).

Here, Plaintiff alleges race discrimination in that: (1) he was told not to perform SONYMA training for his team in 2006 or 2007, SOF ¶¶ 9-13; (2) he was not given the title of Senior Vice President when he asked for it in 2007, SOF ¶¶ 23-28; (3) he received a verbal warning in January 2008 for failure to adhere to a Customer Complaint Resolution Process, SOF ¶¶ 34-38; (4) after January 31, 2008, a job recruit was told by his manager, Cole, that if hired, he would report to a different manager and that Plaintiff would not be with the Bank, SOF ¶¶ 56-62 and 64-68; (5) he received a written warning for failure to follow policy and procedure with respect to disciplinary action and termination by him of one of his direct report MLOs who later complained to the Bank about her termination, SOF ¶¶ 69-88; and (6) he was required to participate in a conference call and answer questions regarding the reason for his decision to remove another MLO from assignment for loans at a particular development.[4] SOF ¶¶ 94-99.

### 1.   Plaintiff Cannot Show That The Alleged Incidents Of Race Discrimination Are Materially Adverse Employment Actions

Plaintiff's claim for race discrimination in the terms and conditions employment fails because he cannot show that he was subjected to an adverse employment action. The incidents alleged by Plaintiff to be race based discrimination are not materially "adverse employment actions" under the law, and on the record before this Court, Plaintiff cannot show any adverse employment action, nor preference by Defendant for a person not in his protected class. "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000). See also Mathirampuzha v. Potter, 548 F.3d 70, 78 (2d Cir. 2008) quoting Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004).

---

[4] Plaintiff does not allege that the decision to sever his territory and establish new branch locations was discriminatory.  SOF ¶ 17.

> To be materially adverse, a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities. Examples of such a change include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.

Id. The change must be "radical" or "significant." Id.

As to the SONYMA training, Plaintiff's allegation amounts to no more than mere inconvenience and does not rise to the level of a material adverse employment action. SOF ¶¶ 9-13. Under the circumstances described by Plaintiff, he cannot make out a prima facie case of race discrimination as to this issue. Galabya, 202 F.3d at 640; Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1996) (not every action that displeases employee is adverse job action). Further, as to the second alleged incident, namely Frazza's failure to bestow a title of Senior Vice President on him, Plaintiff admits the title would not have resulted in additional compensation and he was not particularly dedicated to achieving the title and did not care. SOF ¶¶ 24-25. Thus, the denial was not a materially adverse employment action, even in Plaintiff's own mind.

As to Plaintiff's claim that a job recruit was told after January 31, 2008, that if he joined the Bank they would work in Manhattan and would not report to Plaintiff because Plaintiff would not be there, not only is this not a materially adverse employment action, Plaintiff cannot show that the statement was made under circumstances giving rise to an inference of discrimination based on Plaintiff's race. SOF ¶¶ 64-68. Plaintiff himself admits that on January 31, 2008, he sent emails to senior managers, including Cole, stating his intent and desire to transition or transfer to another role within the Bank by March 1st. SOF ¶¶ 57-58, 61-63 and 68. The statement attributed to Cole is not an adverse action and, even if it could under some circumstances be deemed as such, in the context of this case and Plaintiff's own statements to

senior management that he intended to transfer from his role by March 1st it is unreasonable to infer any intentional race discrimination from such comment. Id. Finally, as to the allegation that he was required to participate in a conference call concerning his reasons for removing an MLO from assignment of loans at a particular development, Plaintiff cannot show that participation in a conference call is an adverse employment action.  SOF ¶¶ 94-99.

> **2.    Plaintiff Cannot Show Warnings Were Issued To Him Under Circumstances That Would Raise An Inference Of Race Discrimination**

Even as to the alleged race based motivation for the verbal and written warnings issued to Plaintiff for failure to follow policy and procedure, the evidence offered by Plaintiff regarding these allegations is either negated by the record evidence or based entirely on hearsay, rumor, and speculation – which are inadmissible evidence that is insufficient to avoid summary judgment.  SOF ¶¶ 37, 38 85, 87 and 88.  See Brown v. Society for Seaman's Children, 194 F.Supp.2d 182, 193 (E.D.N.Y. 2002) (assertions based on rumor and hearsay may not be considered in opposition to a motion for summary judgment); Umansky v. Masterpiece Intern. Ltd., 1998 WL 433779, *4 (S.D.N.Y. July 31, 1998) (granting summary judgment motion where a plaintiff proffered no support for her allegations of race and gender discrimination other than her own speculations and assumptions, which cannot give rise to an inference of discrimination). Here, the basis of Plaintiff's allegations of race based motive as to these disciplinary actions is based solely on his own beliefs, rather than on any facts which could support such an inference. SOF ¶¶ 37, 38, 85, 87 and 88.  Thus, he cannot establish a prima facie case of discrimination based on those incidents.

> **B.    Plaintiff Cannot Prove Pretext For Race Discrimination**

Assuming, for purposes of argument only, Plaintiff is able to prove a prima facie case of race discrimination on the evidence in the record related to the warnings he received, any presumption of discrimination is defeated because the Bank has articulated a legitimate, non-discriminatory reason for these actions.   Production by Defendant of a legitimate, non-discriminatory reason for its employment decision necessitates that any presumption of discrimination that may or may not have been established by the prima facie showing completely "drop out of the picture." James v. New York Racing Ass'n, 233 F.3d at 154.  See also St. Mary's Honor Ctr., 509 U.S. at 510-11; Weinstock v. Columbia University, 224 F.3d at 42.

Here, the Plaintiff must, but cannot, show that  race discrimination was the true reason for the Bank's alleged adverse decisions with respect to his job performance.  See Ganzy v. Sun Chemical Corp., 2008 U.S. Dist. LEXIS 60149 at * 14 (E.D.N.Y. Aug. 8, 2008). Because Defendant has articulated a non-discriminatory reason for Plaintiff's warnings and his termination, it is entitled to summary judgment unless Plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination. See St. Mary's Honor Ctr., 509 U.S. at 510-11.  Plaintiff bears the burden to demonstrate pretext by proving by a preponderance of the evidence that his race played a motivating force in the adverse employment action and that the employer's proffered explanation is unworthy of credence.  Weinstock v. Columbia University, 224 F.3d at 42.  "An employer's reason for termination cannot be proved to be a pretext for discrimination unless it is shown to be false and that discrimination was the real reason." Van Dine v. Robert Bosch Corp., 62 F.Supp.2d at 647; see also Weinstock v. Columbia University, 224 F.3d at 42 ("the plaintiff must produce not simply 'some' evidence, but 'sufficient' evidence to support a rational finding that the legitimate, nondiscriminatory reasons

proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action").

"In determining whether an employee's job performance is satisfactory, courts may – as they must – rely on the evaluations rendered by supervisors.  After all, job performance cannot be assessed in a vacuum; the ultimate inquiry is whether an employee's performance 'meets his employer's legitimate expectations.'" Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir. 1985) quoting Huhn v. Koehring Co., 718 F.2d 239, 244 (7th Cir. 1983). In reviewing a claim of pretext, "it is not the duty of a court nor is it within the expertise of the courts to attempt to decide whether the business judgment of the employer was right or wrong.  The court is not a super personnel department." Verneiro v. Air Force Acad. Sch. Dist. No. 20, 705 F.2d 388, 390 (10th Cir. 1983); see also Newsom-Lang v. Warren International, Inc., 80 Fed. Appx. 124, 126 (2d. Cir 2003); Duncan v. New York City Transit Authority, 45 Fed. Appx. at 16; Scaria v. Rubin, 117 F.3d 652, 655 (2d. Cir. 1997).

**1.** **Plaintiff Cannot Demonstrate Pretext In The Bank's Decisions To Issue Verbal and Written Warnings To Plaintiff For Failure To Follow Policy**

As demonstrated in the record, Defendant's decisions to issue warnings to Plaintiff in January and March 2008 for his failure to follow policy and procedure are supported by ample evidence as to the legitimate reasons for the actions.  SOF ¶¶ 34-38 and 69-93.  With respect to the verbal warning issued by Frazza to Plaintiff in January 2008, Plaintiff agreed that the line of business had an established Customer Complaint Resolution Process policy to which he was expected to adhere.  The sole basis for Plaintiff's belief that the verbal warning was race discrimination is that he believes that he is the only manager in the institution to get a warning for failure to follow the policy and that it was given to him because he is black.  SOF ¶ 37.

However, he admits that this is not based on personal knowledge.  SOF ¶ 38. Plaintiff offers no other basis for his belief and Plaintiff offers no evidence that Defendant's reasons for Plaintiff's verbal warning are a pretext for unlawful race discrimination – "that is, that they were false and that a racially motivated discrimination was the real reason."  Forrest v. Jewish Guild for the Blind, 819 N.Y.S.2d 382, 392 (2004) (emphasis added).

As to the written warning, although Plaintiff questions how the Advice & Counsel investigation was initiated regarding his decision and process to terminate one of his direct reports, the undisputed evidence of record is that it was initiated as a result of that former employee's direct complaint to Advice & Counsel. SOF ¶¶ 71 and 82.  Further, while Plaintiff alleges that the written warning was discriminatory, he agrees that he failed to involve Advice & Counsel in the former employee's disciplinary action, he terminated the employee and then the employee made a complaint.  SOF ¶ 88.  Further, he admits that he is not aware of any other manager who failed to involve Advice & Counsel in disciplinary action, who terminated an employee and who then had that employee make a complaint. SOF ¶ 87.   Again, Plaintiff offers no evidence that Defendant's reasons for Plaintiff's written warning are a pretext for unlawful discrimination – "that is, that they were false and that racially motivated discrimination was the real reason." Forrest, 819 N.Y.S.2d at 392 (emphasis added).

### 2.      Although Plaintiff Does Not Allege Race Based Termination, Even If He Were To Do So, On The Record He Cannot Prove Pretext

Although Plaintiff does not allege race based discrimination in his termination in this matter, even if he were to, the legitimate reasons for the September 2008 termination decision are amply supported by evidence in the record of Frazza's concerns about a loss of trust and confidence regarding Plaintiff's management of his branch over the course of 2008 and Plaintiff cannot show pretext for discrimination in that decision. SOF ¶ 91-93, 98, 99, 119-135. Even if

Plaintiff were to argue that the Bank's stated reasons for terminating him are false, he may not simply rest on that assertion.   Plaintiff may posit that the Bank's stated reasons for his termination are suspect -- however, it is Plaintiff's "burden to establish pretext, not the defendants' burden to disprove it."  <u>Phipps v. Comprehensive Community Development Corp.</u>, 2005 U.S. Dist. LEXIS 1672 at * 52 (S.D.N.Y. February 4, 2005).  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 249 (a legally sufficient opposition must submit admissible evidence that is more than "merely colorable").   Here, Plaintiff has produced no such evidence of pretext for race discrimination in the termination decision and Defendant is entitled to summary judgment.

## III.    PLAINTIFF'S RETALIATION CLAIMS FAIL AS A MATTER OF LAW

A claim for retaliatory discharge must be analyzed under the <u>McDonnell Douglas</u> burden shifting analysis.  <u>Slattery v. Swiss Reinsurance America Corp.</u>, 248 F.3d 87, 94 (2d Cir. 2001). In order to establish a prima facie claim for retaliation under NYSHRL and NYCHRL, a plaintiff must demonstrate that: (1) he participated in a protected activity; (2) the defendant was aware of the protected activity; (3) he suffered an adverse employment action; and (4) a causal connection between his protected activity and the adverse employment action.  <u>Gordon v. New York City Bd. of Ed.</u>, 232 F.3d 111, 113 (2d Cir. 2000); <u>Harris Lee</u>, 2010 U.S. Dist. LEXIS 19481 at * 31; <u>Ragin</u>, 2010 U.S. Dist. LEXIS 32576 at * 43 (S.D.N.Y. March 31, 2010).[5]   If Plaintiff sustains his initial burden, and Defendant can articulate "a legitimate, non-retaliatory reason for the adverse employment action," then Plaintiff must show "that the retaliation was a substantial reason for the adverse employment action."  <u>Ragin</u>, 2010 U.S. Dist. LEXIS 32576 at * 43.

---

[5] Plaintiff brings retaliation claims under both the NYSHRL and the NYCHRL.  Because such claims generally are governed by the same standards as federal claims brought under Title VII, the same analysis shall be applied.  <u>See</u> <u>Williams v. City of New York</u>, 2006 U.S. Dist. LEXIS 97750 at * 76 (E.D.N.Y. Sept. 18, 2006); <u>Harris Lee v. Sony BMG Music Entertainment, Inc.</u>, 2010 U.S. Dist. LEXIS 19481 at * 15-16 (S.D.N.Y. March 3, 2010).

However, in order to satisfy the first prong of the prima facie standard of retaliation, Plaintiff must establish that he engaged in a protected activity. "A complaint cannot be the basis for a . . . retaliation claim if plaintiff's complaints to management could not be understood to have been about race." Harris Lee, 2010 U.S. Dist. LEXIS 19481 at * 31; Leung, 2010 U.S. Dist. LEXIS 33265 at * 12. In this case, Plaintiff is unable to establish a prima facie case of retaliation because he did not engage in any protected activity with respect to his claims of alleged race discrimination.

### A. Plaintiff Cannot Demonstrate He Engaged In Protected Activity With Respect To The Alleged Incidents Of Retaliatory Harassment

Following the Bank's decision to implement a market growth plan which severed some of Plaintiff's branch territory and established new branches, Plaintiff alleges he suffered retaliatory harassment based on the refusal by some of his direct reports to move to transfer to a new branch manager or newly separated territory. SOF ¶¶ 14-19 and 39-48. Plaintiff cites to the following actions as alleged retaliation for the refusal by his direct reports to transfer: (1) he was denied reimbursement for a telephone bill related to wireless usage while participating in work during his vacation; SOF ¶¶ 29-32; (2) his assistant was told to transfer to a new Manhattan branch; SOF ¶¶ 49-50; (3) Frazza made statement to a gathering or about 15 individuals at a regional sales meeting, "anyone who knows me knows, that anyone who opposes me is not long for my world;" SOF ¶¶ 51-55; (4) Cole told a recruit that he would have to work for another manager and that Plaintiff would not be there; SOF ¶¶ 64-66; and (5) Plaintiff received a written warning for failure to follow policy and procedure; SOF ¶¶ 69-86. As to each of these incidents of alleged retaliation, Plaintiff claims that the retaliation was for the refusal by his MLOs to transfer to a new branch or manager. Because the refusal by other employees to transfer to a

new branch is not a protected activity under the relevant statutes, Plaintiff's claims of retaliation as to these incidents must fail.

**B.     Plaintiff's Claim For Retaliatory Termination Fails Because He Cannot Prove A Causal Connection Between His Alleged Protected Activity And His Termination**

On the record before this Court, Plaintiff cannot show a causal connection between his protected activity and any adverse employment actions.   Plaintiff alleges that the Defendant unlawfully retaliated against him for complaining about discriminatory treatment.   See Complaint ¶¶ 44-46, 57-61.   The record evidence in this case establishes that at the time the initial termination decision was made in September 2008, Plaintiff had not lodged any complaint of race discrimination with the Bank.   SOF ¶¶ 101-102, 106-108 and 114.   "A complaint cannot be the basis for a . . . retaliation claim if plaintiff's complaints to management could not be understood to have been about race."   Harris Lee, 2010 U.S. Dist. LEXIS 19481 at * 31; Leung, 2010 U.S. Dist. LEXIS 33265 at * 12.   Plaintiff cannot establish that he made any complaint about race discrimination prior to management prior to the September 2008 termination decision.

As evidence of protected activity, Plaintiff points to his January 31, 2008 email to senior managers Matthew Vernon and James Jackson and his June 2008 complaint to Mary Elizabeth George in Advice & Counsel as his complaints of race discrimination prior to the September 2008 termination decision.   As to the January 31, 2008 email, on its face it is a complaint about communication from his direct managers and makes no mention of an alleged racial motivation, Plaintiff's own race, the race of anyone else or that his stated desire to transfer is grounded in any feelings of being discriminated against based on his race.   SOF ¶¶ 56-59 and 63.   As to Plaintiff's June 2008 complaint to Advice & Counsel, the record is clear that he did not communicate any suspicion that the actions of which he complained were based on his race, the

race of anyone else, or that they constituted race discrimination.  SOF ¶¶ 100-118.  Plaintiff's apparent belief that he was treated differently because of his race was never expressed to the Bank before the September 2008 termination decision.  The mere fact that Plaintiff is African-American is insufficient to create an inference that his complaints were based on racism.  Harris Lee, 2010 U.S. Dist. LEXIS 19481 at * 33.

### C. Plaintiff Cannot Show That The March 26, 2009 Termination Action Was Not Rooted In And Consistent With The Earlier September 2008 Termination Decision

The undisputed evidence is clear that the decision to terminate Plaintiff was made in September 2008. While Plaintiff may argue that some subsequent complaint by him of race discrimination motivated the termination action on March 26, 2009 based on temporal proximity, such argument fails as a matter of law.  Because the termination decision based on Plaintiff's performance was made in September 2008, the subsequent communication of that decision which was consistent with performance management actions taken before any alleged protected activity cannot create an inference of retaliation.  Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.")

Defendant proffers a litany of legitimate reasons for the September 2008 termination decision which are supported in the record. SOF ¶ 91-93, 98, 99, 119-135. As such, Defendant satisfies its burden of production easily.  See Ragin, 2010 U.S. Dist. LEXIS 32576 at * 84 (explanations based on employee's "poor work performance" and "poor attitude" are sufficient to meet a defendant's burden).  In response, Plaintiff offers no support for the proposition that retaliation was a substantial reason for the purportedly adverse employment actions, nor can he

put forward any evidence that Defendant's proffered reasons are pretextual. <u>Ragin</u>, 2010 U.S. Dist. LEXIS 32576 at *.85-86. A such, Defendant is entitled to summary judgment on Plaintiff's claims of retaliation.

## IV.   PLAINTIFF'S CLAIMS AGAINST FRAZZA AND COLE FOR AIDING & ABETTING FAIL AS A MATTER OF LAW

Because Plaintiff cannot establish a prima facie case of race discrimination or retaliation under either the SHRL or CHRL, his aiding and abetting claims against individual named defendants Frazza and Cole necessarily fail. <u>See</u> <u>Walker v. New York City Transit Authority</u>, 2001 U.S. Dist. LEXIS 14569 at * 29 (S.D.N.Y. Sept. 19, 2001) (employer liability must be established before accessorial liability can be found).

Further, Plaintiff cannot demonstrate proper service of the Summons & Complaint on Frazza and Cole. Service of process "is a prerequisite to the court's exercise of personal jurisdiction over a defendant." <u>Escobar v. City of New York</u>, 2009 U.S. Dist. LEXIS 125203 at * 6 (E.D.N.Y. Oct. 23, 2009). Failure of service or improper service, therefore, is grounds for dismissal. <u>Bogle-Assegai v. State of Connecticut</u>, 470 F.3d 498, 507 (2d Cir. 2006). Frazza and Cole were questioned at deposition as to how they received the Complaint in this action and neither testified to the fact that establish proper service was made under the rules. SOF ¶ 150. In light of this, it is incumbent on Plaintiff to demonstrate conclusively that he has served Cole and Frazza in this case.

Under Rule 4(e) of the Federal Rules of Civil Procedure, service upon an individual may be effectuated (1) by any means authorized by state law, or (2) by delivering a copy of the complaint and summons to the individual personally, by leaving it to the defendant's home with a person of suitable age and discretion, or by delivering a copy to an authorized agent. <u>See</u> Fed. R. Civ. P. 4(e)(1),(2); <u>Carl v. City of Yonkers</u>, 2008 U.S. Dist. LEXIS 102489 at * 15. New

York's Civil Practice Law and Rules require that service be made personally, to a designated agent, or:

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential" and not indicating on the outside thereof, by return address or otherwise , that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other. . . .

CPLR § 308 (2).  "Failure of the plaintiff to properly serve a defendant deprives the court of personal jurisdiction over that defendant."  Escobar, 2009 U.S. Dist. LEXIS 125203 at * 8. Therefore, under both federal and New York law, when a party fails to comply with the rules of service, dismissal is warranted.  See Escobar, 2009 U.S. Dist. LEXIS 125203 at * 14; Bogle-Assegai, 470 F.3d at 507.  Plaintiff cannot prove service of Frazza or Cole under any provision of Fed. R. Civ. P. 4(e) or CPLR §§ 308 or 313.[6]  Nor has Plaintiff perfected service by virtue of putting the individuals on "notice" of the Complaints pending against them.  "[N]otice does not cure defective service."  DeZego v. Bruhn, 472 N.Y.S.2d 414, 416 (2d Dept. 1984); Carl, 2008 U.S. Dist. LEXIS 102489 at * 16 (noting that "the Second Circuit has 'rejected the notion that actual notice suffices to cure a void service.'"); McIntosh v. Covenant House, 2007 U.S. Dist. LEXIS 50257 at * 22 (S.D.N.Y. June 28, 2007).  Defective service is not excused where the defendant has received actual notice, even when there has been no showing of prejudice.  Bogle-Assegai, 470 F.3d at 508.  Although it is Plaintiff's responsibility both to effectuate service and prove that process was proper and sufficient, Plaintiff in this case can do neither.  Escobar, 2009

---

[6] CPLR § 313 governs personal service outside New York State.

U.S. Dist. LEXIS 125203 at * 7.  Nearly one year has passed since Plaintiff filed his Complaint, during which time Plaintiff has failed to move this Court for an extension of time to serve the individual defendants.  Plaintiff's dilatoriness and disregard for the rules of procedure does not show "good cause" or "good faith," where good cause "is measured against the plaintiff's recognizable efforts to effect service and the prejudice to the defendant from the delay."  Id. at * 10; Bogle-Assegai, 470 F.3d at 509 (upholding dismissal for lack of service where plaintiff made no showing as to any effort to effect personal service on individual defendants and never requested an extension of time for service.)  Because service has not been effectuated, the Court lacks jurisdiction over both individual defendants Frazza and Cole, and any and all claims against them, including, specifically, the Third and Sixth Causes of Action for aiding and abetting, must be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendant Bank of America, N.A. respectfully requests that its Motion for Summary Judgment be granted in its entirety and that all claims be dismissed as against it and individual named defendants Frazza and Cole.

Bank of America, N.A., Defendant,
By and through its Attorneys,

KAUFMAN BORGEEST & RYAN LLP

 /s/ Jonathan B. Bruno
Jonathan B. Bruno, Esq.
Deborah Zawadzki, Esq.
Kaufman Borgeest & Ryan LLP
120 Broadway, 14th Floor
New York, New York 10271
Telephone:  (212) 980-9600

Siobhan M. Sweeney, Esq.
Pro hac vice
Edwards Angell Palmer & Dodge LLP

111 Huntington Avenue
Boston, MA 02199
Telephone:  (617) 517-5596

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice of Motion for Summary Judgment, Memorandum of Law in Support of Motion for Summary Judgment and Local Rule 56.1 Statement of Material Facts in Support of Defendants Motion for Summary Judgment were served through the Court's electronic case filing system on May 14, 2010 and via overnight mail to counsel of record for Plaintiff:

Tracey Brown, Esq.
The Cochran Firm
233 Broadway
5th Floor
New York, NY  10279
Fax:  (212) 227-8763

_/s/  Jonathan B. Bruno_