UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
KEITH COOK,                                              :
                                                         :
                           Plaintiff,                    :  Civil Action No. 09-cv-8039
                                                         :
        -against-                                        :  **DEFENDANTS' REPLY TO**
                                                         :  **PLAINTIFF'S OPPOSITION**
BANK OF AMERICA & CO., JOHN FRAZZA,                      :  **TO DEFENDANTS' MOTION**
SUSAN COLE,                                              :  **FOR SUMMARY JUDGMENT**
                                                         :
                           Defendants.                   :
------------------------------------------------------------------------ x

## **TABLE OF AUTHORITIES**

**Cases**

Bain v. Wal-Mart Stores, Inc., 585 F. Supp. 2d 449, 453 (W.D.N.Y. 2008) ................................ 7

Beauchat v. Norman, 257 Fed. Appx. 463, 466 (2d Cir. 2007) ....................................................... 5

Brady v. Dammer, 2005 WL 1871183 at * 3 (N.D.N.Y. Aug. 3, 2005) ......................................... 9

Deshpande v. Medisys Health Network, Inc., 2010 U.S. Dist. LEXIS 37891 at * 71
   (E.D.N.Y. April 16, 2010) ......................................................................................................... 6

Dowrich v. Aramark Healthcare Support Services, Inc., 2007 WL 2572122 at * 9
   E.D.N.Y. Sept. 4, 2007) ............................................................................................................. 6

Escobar v. New York, 2010 WL 629828 at * 3 (E.D.N.Y. Feb. 22, 2010) ................................. 8, 9

Fears v. Heritage Centers, 2004 U.S. Dist. LEXIS (W.D.N.Y. Aug. 15, 2004) ............................ 5

Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 712 (2d Cir. 2010) .................... 6

Flores v. The Pinnacle Group, 2007 U.S. Dist. LEXIS 18394 at * 12-13 (S.D.N.Y. Feb.
   27, 2010) .................................................................................................................................... 2

Hansberry v. Father Flanagan's Boys' Home, 2004 U.S. Dist. LEXIS 26937 at * 17 (Nov.
   28, 2004) ................................................................................................................................ 4, 5

Julius v. Dept. of Human Resources Administration, 2010 U.S. Dist. LEXIS 33259 at *
   14 (S.D.N.Y. March 24, 2010) .................................................................................................. 4

Kaur v. New York City Health and Hospitals Corp., 2010 U.S. Dist. LEXIS 15455 at * 3
   n.1 (S.D.N.Y. Feb. 19, 2010) ............................................................................................ 3, 4, 6

Krasner v. HSH Nordbank AG, 680 F. Supp. 2d 502, 520 (S.D.N.Y. 2010) ................................. 7

Malacarne v. City University of New York, 2008 U.S. Dist. LEXIS 34235 at * 10
   (S.D.N.Y. April 23, 2008) ..................................................................................................... 6, 7

Meyer v. Ahmad, 2009 WL 6055842 at * 2 (E.D.N.Y. Oct. 1, 2009) ............................................ 8

Monroe v. Xerox Corp., 664 F. Supp. 2d 235, 241-42 (W.D.N.Y. 2009) ..................................... 7

Moultry v. City of Poughkeepsie, 154 F. Supp. 2d 809, 811 (S.D.N.Y. 2001) ............................. 8

Phipps v. Comprehensive Community Development Corp., 2005 U.S. Dist. LEXIS 1672
   at * 57-8 ( S.D.N.Y. Feb. 4, 2005) ............................................................................................ 5

Soliman v. Deutsche Bank AG, 2004 WL 1124689 at * 7 (S.D.N.Y. May 20, 2004) .......... 2, 6, 7

Weston Funding, LLC v. Dina, 451 F. Supp. 2d 585, 589 – 590 (S.D.N.Y. 2006)........................ 8

## ARGUMENT

1. **Plaintiff's Statement of Material Facts in Opposition to Summary Judgment Fails to Adhere to the Standards of Local Rule 56.1, Is Rife with Conclusions and Speculation, and Uses Inflammatory Language All Aimed At Diverting the Court from the Undisputed Material Facts Set Forth By Defendants.**

In responding to the Statement of Material Facts in Support of Defendants' Motion for Summary Judgment (the "Statement"), the plaintiff, Keith Cook ("Plaintiff" or "Cook"), has failed to comply with the explicit requirements of Local Rule 56.1. Per Local Rule 56.1(b), (d),

> The papers opposing a motion for summary judgment shall include a **correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party,**
>
> ...
>
> and
>
> ...
>
> Each statement . . . **including each statement controverting any statement of material fact**, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

Plaintiff's Statement of Material Facts in Opposition to Movant's 56.1 Statement (the "Opposition Statement") is deficient in several ways.

First, the Opposition Statement does not address each of Defendants' numbered paragraphs. Rather, in an obvious attempt to create issues of fact where there are none, Plaintiff repeatedly groups paragraphs together, providing narrative explanations as to why Defendants' claims are inaccurate rather than directly addressing the statements made and record citations put forward by Defendants. For example, Plaintiff responds to Defendants' Paras. 8 and 9 with one 2 ½ page, rambling narrative that fails to acknowledge the record facts separately cited by Defendants. See also Plaintiff's responses to ¶¶ 16 -17, 18-20, 54-55, 56-58, 95-99, 105-106, 114-116, 120-123, 131-133, 139-140, 144-148. The most egregious example of Plaintiff's tactic is found in his response to Defendants' Paras. 69-91. Plaintiff does not, as required by Local Rule 56.1, address each of these 22 separate paragraphs. Instead, he provides yet another multi-

page, conclusory explanation in which he tries to explain why, despite the accuracy of Defendants' statements and record citations, the facts should not speak for themselves and instead should be interpreted from his perspective.[1]

Second, Plaintiff fails to follow the mandate of Local Rule 56.1(d) that each statement controverting a statement of material fact be followed by a citation to admissible evidence. Rather, despite purported record citations, Plaintiff's statements largely consist of vague, conclusory, and speculative allegations, and hearsay. Soliman v. Deutsche Bank AG, 2004 WL 1124689 at * 7 (S.D.N.Y. May 20, 2004) ("Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment."); Flores v. The Pinnacle Group, 2007 U.S. Dist. LEXIS 18394 at * 12-13 (S.D.N.Y. Feb. 27, 2010) (sheer speculation and unsupported allegations made in Rule 56.1 Statement insufficient to save claim from summary judgment dismissal); see e.g., Opposition Statement ¶¶ 8-9, 14, 16-17, 18 – 20, 22, 25, 32, 54-55, 56-58, 69-91, 95-99, 101, 130, 131-133, 137, 144-148. Plaintiff's Opposition Statement is not limited to mere speculation, but instead contains inflammatory language and accusations not supported anywhere by the record. See e.g. Opposition Statement ¶¶ 8-9, 101 (labeling a Bank representative a liar); ¶ 22 (accusing Cole of receiving "kickbacks,"); ¶ 136 (stating as fact that Cole authored the November 2008 anonymous complaint). Similarly, as to many of Plaintiff's denials of Defendants' statements of material fact, his explanations are clearly controverted by the record evidence. For example, in Opposition Statement ¶ 7, Plaintiff declares "false" the Bank's statement that "Plaintiff did not make any complaint of race discrimination prior to January 2008." Regardless of Plaintiff's current "belief," he cannot create an issue of fact by

---

[1] Local Rule 56.1(b) provides Plaintiff an opportunity to put forward separately *"additional paragraphs containing* a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Rather than use the opportunity made available to him, Plaintiff instead puts forward a single document that is little more than an impermissible hybrid of admissions, summary denials, explanations, conclusory allegations, and speculation.

2

denying now what he testified to specifically in his own deposition. See Cook Dep. at 199. See also e.g., Opposition Statement ¶ 7 (denying statement in clear contradiction to Frazza's deposition testimony without support in the record).

The purpose of Local Rule 56.1 "is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Kaur v. New York City Health and Hospitals Corp., 2010 U.S. Dist. LEXIS 15455 at * 3 n.1 (S.D.N.Y. Feb. 19, 2010). Plaintiff's method of responding to Defendants' statement of undisputed facts runs contrary to this purpose. Lengthy, narrative explanations that do not specifically address Defendants' factual contentions, and instead consist of myriad hypotheses, assertions, personal beliefs, and vague citations to the voluminous record, serve no purpose other than to conceal the record facts and in an attempt to create the appearance of material disputes where there are none. Yet, despite attempting to do so, Plaintiff cannot rely on his own opinion, beliefs and subjective interpretations of the facts as a means of defeating Defendants' motion for summary judgment. Simply, because Plaintiff has failed to fulfill his obligation under Rule 56.1, this Court should accept as true all factual assertions made by Defendants which Plaintiff has not directly, in separate and correspondingly numbered paragraphs, denied with the support of admissible record citations.

2. **Whether Considered Under Title VII, the HRL, or CHRL, Plaintiff's Discrimination Claims Fail for Lack of Evidence that His Race Played Any Role in Defendants' Actions.**

Plaintiff devotes a significant portion of his Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (the "Opposition") to describing the legislative history of and summarizing the New York City Human Rights Law ("CHRL"). However, despite the general rule that the CHRL is to be construed more liberally than Title VII and the New York State Human Rights Law ("HRL"), the CHRL "does not alter 'the kind, quality or

3

nature of evidence that is necessary to support or defeat a motion for summary judgment under Rule 56.'" Julius v. Dept. of Human Resources Administration, 2010 U.S. Dist. LEXIS 33259 at * 14 (S.D.N.Y. March 24, 2010). Rather, under each of the three laws, a plaintiff's failure to direct the Court to any evidence of discrimination is fatal to his claims. Julius, 2010 U.S. Dist. LEXIS 33259 at * 18. Aside from Plaintiff's beliefs, opinions about Cole's "affect" and "demeanor," and conclusory statements, he presents only one alleged, racially charged statement in support of his discrimination claim. See Opposition Statement at ¶¶ 8-9, 26. That statement, denied by Cole but assumed to be true for purposes of this motion only, while reprehensible is insufficient to defeat summary judgment.

Although Plaintiff refers to Cole's alleged statement numerous times in his Opposition and Statement in Opposition, in bold capital letters, he fails to acknowledge that the alleged statement was made one time, after the decision to terminate him already had been made, by someone who played no role in the termination decision. See Lott Dep. at 54 (relevant portions attached hereto as Exhibit A); SOF ¶¶ 130 – 133. Absent anything else, Cole's alleged remark is nothing more than a stray remark, insufficient to prove a discrimination claim. Kaur v. New York City Health and Hospitals Corp., 2010 U.S. Dist. LEXIS 15455 at * 36 (S.D.N.Y. Feb. 19, 2010). "Only where decision-makers 'repeatedly make comments that draw a direct link between a plaintiff's membership in a protected class and an adverse employment action' can an inference of discriminatory animus be drawn." Id.; Hansberry v. Father Flanagan's Boys' Home, 2004 U.S. Dist. LEXIS 26937 at * 17 (Nov. 28, 2004) ("isolated and disconnected remarks by a decision maker are by themselves insufficient to raise an inference of discrimination."). Here, Cole was not a decision maker, allegedly made a single, isolated remark after the decision was made, and the remark was not connected in any way to the decision or the decision making process. Furthermore, Plaintiff does not put forward any evidence connecting

4

Cole's alleged remark to the circumstances surrounding his termination. Fears v. Heritage Centers, 2004 U.S. Dist. LEXIS (W.D.N.Y. Aug. 15, 2004) (granting summary judgment where it was found that there was no viable cause of action absent proof that "a nexus exists between the allegedly discriminatory statements and a defendant's decision to discharge the plaintiff."); see also Phipps v. Comprehensive Community Development Corp., 2005 U.S. Dist. LEXIS 1672 at * 57-8 ( S.D.N.Y. Feb. 4, 2005); Hansberry, 2004 U.S. Dist. LEXIS 26937 at * 17.

Cole is alleged to have referred to Plaintiff as that "fucking nigger" when speaking to a co-worker while Plaintiff was on FMLA leave at the time. See Exh.A, Lott Dep. at 124. Plaintiff offers no evidence that Cole ever used similarly derogatory language or actions around him or others at any time. Despite Plaintiff's belief that he "first experienced race discrimination when Sue Cole became his manager in 2006," (Opposition Statement at ¶ 8-9), and although he categorizes as discriminatory each and every employment action taken by Defendant to which he did not agree, (see e.g., id. ¶¶ 7) Plaintiff cannot point to any evidence in the record concerning his race, save one stray comment allegedly made by Cole more than two years after she became his manager, and only after Frazza had made the decision to terminate Plaintiff in September 2008, before Plaintiff went on an FMLA leave. Without more, Plaintiff's race discrimination claim fails under any analysis, including the HRL and CHRL, for lack of evidence.[2] See

---

[2] In his Opposition, Plaintiff maintains that there is sufficient evidence on the record to warrant a "mixed-motive" Price Waterhouse analysis in addition to or in lieu of the McDonnell Douglas pretext analysis. Plaintiff's assertion, like the rest of his case, is based on the alleged racially derogatory statement made by Cole to a co-worker in September or October 2008. Plaintiff's argument fails because the record does not contain any direct evidence that illegal discrimination motivated or was a substantial factor in any employment action. See Beauchat v. Norman, 257 Fed. Appx. 463, 466 (2d Cir. 2007). Rather, if a derogatory statement alone were "direct evidence" of discrimination, the McDonnell Douglas analysis would be rendered obsolete. Here, the statement, if made, was not sufficiently connected to Plaintiff's termination or any other alleged action, to constitute direct evidence. To the contrary, Plaintiff alleges that Cole's discriminatory treatment of him began in 2006, and continued through to his termination. The statement, however, allegedly was made after Frazza decided to terminate Plaintiff, is not alleged to have been made directly to Plaintiff, and is not alleged to have been made in the context of

Soliman, 2004 WL 1124689 at * 8 n.2, *9 (stray remarks, even when offensive, do not alone give rise to an inference of discrimination); Dowrich v. Aramark Healthcare Support Services, Inc., 2007 WL 2572122 at * 9 E.D.N.Y. Sept. 4, 2007).

3.  **Plaintiff Cannot Avoid Dismissal of his Retaliation Claim for Lack of Participation in a Protected Activity by Cloaking Himself in the Security of the CHRL.**

A retaliation claim brought under the CHRL, unlike the HRL and Title VII, may be actionable even when the employee has not suffered a "materially" adverse employment action. Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 712 (2d Cir. 2010). The CHRL, however, does not alter the fundamental element of a retaliation claim – namely, participation in a protected activity. See Deshpande v. Medisys Health Network, Inc., 2010 U.S. Dist. LEXIS 37891 at * 71 (E.D.N.Y. April 16, 2010) (the CHRL does not alter the "kind, quality or nature of evidence that is necessary to support or defeat" a motion for summary judgment on a retaliation claim); Malacarne v. City University of New York, 2008 U.S. Dist. LEXIS 34235 at * 10 (S.D.N.Y. April 23, 2008). Complaints, whether formal or informal, simply do not qualify as protected activity unless they allege discrimination based on a protected class. Kaur, 2010 U.S. Dist. LEXIS 15455 at * 43. Here, Plaintiff presents no evidence that he complained about race discrimination until after the September 2008 termination decision was made.[3] Moreover, the record contains no evidence of complaints that even reasonably could have been characterized as being about race.

---

discussing any previous or forthcoming actions made against Plaintiff. Exh. A, Lott Dep. at 54-55. Rather, the statement allegedly was made after Plaintiff had gone on medical leave. Id.

[3] In his Opposition Statement, Plaintiff insists that his email and telephone complaints were about racial discrimination and disparate treatment because of his race. Opposition Statement at ¶¶ 63, 101, 105-06. Plaintiff himself, admits that he was subtle in his words. Cook Dep. at 363 (relevant portions attached hereto as Exhibit B). A review of Plaintiff's emails, and the sworn testimony of an Advice & Counsel representative, however, reveal no mention of race, and nowhere and at no time did Plaintiff complain that he felt he was being treated differently because of his race. Exh. B, Cook Dep. at 363-66.

6

"[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by" anti-discrimination laws. Krasner v. HSH Nordbank AG, 680 F. Supp. 2d 502, 520 (S.D.N.Y. 2010); Soliman, 2004 WL 1124689 at * 13. Accordingly, a vague or ambiguous, or even subtle complaint that fails to sufficiently articulate the nature of the underlying concern does not constitute a protected activity. Soliman, 2004 WL 1124689 at * 13; Bain v. Wal-Mart Stores, Inc., 585 F. Supp. 2d 449, 453 (W.D.N.Y. 2008) ("complaints must relate to race or gender. Otherwise, any employee who is disgruntled or dissatisfied with any aspect of his or her employment would ultimately find relief in [anti-discrimination laws] even when race or gender was not an issue."). Generalized complaints of unfair or different treatment, such as those raised by Plaintiff in this case, are not protected activities. Bain, 585 F. Supp. 2d at 453; Monroe v. Xerox Corp., 664 F. Supp. 2d 235, 241-42 (W.D.N.Y. 2009).

In sum, Plaintiff's written efforts to document his employment concerns through emails to senior managers, HR and Advice & Counsel belie his post hoc argument that he had been complaining about race discrimination all along. See Malacarne, 2008 U.S. Dist. LEXIS 34235 at * 12-13. Plaintiff's own written words fail to reveal any complaint concerning race discrimination. Moreover, Plaintiff's assertion that he complained about race discrimination is made all the more improbable because the sole evidence Plaintiff puts forward to support an inference of discriminatory animus on the part of Cole or the Bank consists of one statement which allegedly was made after the complaints at issue, and after the decision had been made to terminate Plaintiff. See id. The record is simply devoid of any evidence that race was an issue during the period when the allegedly retaliatory acts took place. Because Plaintiff cannot establish that he engaged in any protected activity, his retaliation claim necessarily fails.

7

4.  **Plaintiff Fails to Adequately Address and Cannot Rebut his Failure to Effectuate Service on the Individual Defendants.**

Notably, Plaintiff devotes less than a page to Defendants' argument that this Court lacks personal jurisdiction over Cole and Frazza, and fails to cite any legal support for his claim that service upon them was proper under either New York or Federal law. Plaintiff purports to have served Cole and Frazza on June 25, 2009, at 1 Bryant Park, 1st Floor, New York, New York. Opposition SOF at ¶ 150; Exhs. 29 & 30 (proofs of service never filed with the Court). "[I]n order to comply with the service requirements of [New York and Federal] rules, the defendant must regularly conduct business at the site of service." Meyer v. Ahmad, 2009 WL 6055842 at * 2 (E.D.N.Y. Oct. 1, 2009); Moultry v. City of Poughkeepsie, 154 F. Supp. 2d 809, 811 (S.D.N.Y. 2001). The Manhattan address where the Summons and Complaint allegedly were served never was the actual place of business of either Cole or Frazza. See Cole Dep. at 17, 18, 100 (relevant portions attached hereto as Exhibit C); Exh. B, Cook Dep. at 55 – 56; Frazza Dep. at 15 - 17 (relevant portions attached hereto as Exhibit D). Nor was either "regularly physically present" or "regularly transact[ed] business" there.[4] See Escobar v. New York, 2010 WL 629828 at * 3 (E.D.N.Y. Feb. 22, 2010). More crucially, however, at the time of service, Cole no longer was employed by the Bank (Exh. C, Cole Dep. at 7, 9) and Frazza had transferred from his previous actual place of business in Providence, Rhode Island, to Encinitas, California (Exh. D, Frazza Dep. at 239). Meyer v. Ahmad, 2009 WL 6055842 at * 2 (for proper service, "delivery must be made to the defendant's actual place of business 'at the time of service, and not when the cause of action arose.'").

---

[4] Plaintiff has not and cannot put forward any evidence that the 1 Bryant Park, New York, address was the actual place of business of either Cole or Frazza. Plaintiff carries the burden of proving actual place of business for purposes of proper service, not Defendants. See Weston Funding, LLC v. Dina, 451 F. Supp. 2d 585, 589 – 590 (S.D.N.Y. 2006).

8

In sum, neither Cole nor Frazza testified to receipt of service of the Summons and Complaint, the purported location of service was never the actual place of business of either individual defendant, and at the time of service, neither conducted any business there whatsoever. Plaintiff has made no evidentiary showing to the contrary, and any "actual notice" Cole or Frazza may have about the Complaint is irrelevant. Brady v. Dammer, 2005 WL 1871183 at * 3 (N.D.N.Y. Aug. 3, 2005). Plaintiff's counsel has been aware of Defendants' position on the service issue at least since the December 15, 2010, Scheduling Conference, yet has made no effort whatsoever to effectuate service properly. As this Court lacks jurisdiction over Cole and Frazza, the claims against them must be dismissed with prejudice. See Escobar, 2010 WL 629828 at * 3.

        Respectfully submitted,

        KAUFMAN BORGEEST & RYAN LLP

        By:/s/ Jonathan B. Bruno
           Jonathan B. Bruno
           Deborah M. Zawadzki
           Attorneys for Defendants
           120 Broadway, 14th Floor
           New York, New York 10271
           (212) 980-9600
           KBR File No.: 860.198

To:   Tracey Brown, Esq.
      The Cochran Firm
      Attorneys for Plaintiff
      233 Broadway, 5th Floor
      New York, New York 10279

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment has been served on Plaintiff's counsel, Tracey Brown, Esq., The Cochran Firm, 233 Broadway, 5th Floor, New York, New York 10279, via First Class postage prepaid US Mail on June 22, 2010.

/s/ Jonathan B. Bruno
Jonathan B. Bruno