UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
KEITH COOK,                                                              :
                                                                         :
                              Plaintiff,   :   Civil Action No. 09-cv-8039
                                                                         :
     -against-                                                         :   **DEFENDANT JOHN**
                                                                         :   **FRAZZA'S ANSWER AND**
BANK OF AMERICA & CO., JOHN FRAZZA, SUSAN                                :   **AFFIRMATIVE DEFENSES**
COLE,                                                                    :
                                                                         :
                              Defendants.  :
------------------------------------------------------------------------ x

Defendant, John Frazza ("Defendant" or "Frazza"), hereby responds to the complaint ("Complaint") by Keith Cook ("Plaintiff" or "Cook"), as follows:

## NATURE OF THE CLAIMS

1.    Defendant states that Paragraph 1 of the Complaint is a statement of the claims to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 1 of the Complaint. Defendant expressly denies that Plaintiff is entitled to declaratory, injunctive or other equitable relief, denies Plaintiff is entitled to monetary damages under any cause of action in the Complaint, and denies unlawful discrimination of Plaintiff or any violation of the New York State Human Rights Law, New York State Executive Law §§ 290 et seq. and the New York City Human Rights Law, Administrative Code of the City of New York, §§ 8-101 et seq.

2.    Defendant denies the allegations of Paragraph 2 of the Complaint.

3.    Defendant denies the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint.

## PARTIES

6. Defendant admits Plaintiff identified himself as African American. Defendant admits Plaintiff is male. Defendant admits that Defendant Bank of America, N.A., incorrectly identified in the Complaint by Plaintiff as "Bank of America & Co." ("Defendant Bank"), or its predecessors, employed Plaintiff from on or around October 11, 2000, until on or around March 26, 2009. To the extent the allegations of Paragraph 6 of the Complaint constitute conclusions or allegations of law, no response is required. Except as expressly admitted, Defendant denies the allegations of Paragraph 6 of the Complaint.

7. No responsive pleading is required from Defendant to the statement in Paragraph 7 of the Complaint, as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 7 of the Complaint and therefore denies them.

8. Defendant admits that he directly managed Plaintiff from on or around October 1, 2005 until on or around July 31, 2006. Except as expressly admitted, Defendant denies the allegations of Paragraph 8 of the Complaint.

9. No responsive pleading is required from Defendant to the statement in Paragraph 9 of the Complaint, as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 9 of the Complaint and therefore denies them.

## PROCEDURAL REQUIREMENTS

10. Defendant admits that the Complaint was filed with the court on or around June 22, 2009, but denies that he has been served with the Summons and Complaint in this matter. Except as expressly admitted, Defendant lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 10 of the Complaint, and therefore denies them.

11. Paragraph 11 of the Complaint states conclusions and allegations of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12. No responsive pleading is required from the Defendant to the statement contained in Paragraph 12 of the Complaint as it relates to another defendant. To the extent a response is necessary, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 12 of the Complaint and therefore Defendant denies them.

13. Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 13 of the Complaint and therefore Defendant denies them.

14. Defendant admits that for a period of time, Plaintiff managed a sales team with a geographic area that included New York City and Long Island. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 14 of the Complaint and, therefore, Defendant denies them.

15. Defendant admits that Plaintiff was assigned to Susan Cole as his manager, beginning on or around August 1, 2006. Except as expressly admitted, Defendant denies the allegations of Paragraph 15 of the Complaint.

16. No responsive pleading is required from the Defendant to the statement contained

1250438.1

in Paragraph 16 of the Complaint as it relates to a different defendant. To the extent a response is necessary, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 16 of the Complaint and, therefore, Defendant denies them.

17.     Defendant lacks knowledge or information sufficient to either admit or deny whether Plaintiff "experienced numerous humiliating instances in which various BOA employees asked Mr. Cook if he was planning on leaving the Bank," or whether "Plaintiff felt degraded and devalued" and, therefore, denies such allegations. Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18.     No responsive pleading is required from Defendant to the statement contained in Paragraph 18 of the Complaint as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 18 of the Complaint and, therefore, Defendant denies them.

19.     No responsive pleading is required from Defendant to the statement contained in Paragraph 19 of the Complaint as it relates to a different defendant. To the extent a response is required Defendant denies the allegations of Paragraph 19 of the Complaint.

20.     No responsive pleading is required from Defendant to the statement contained in Paragraph 20 of the Complaint as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 20 of the Complaint and, therefore, Defendant denies them.

21.     Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     Defendant admits that Carlos Morales ("Morales") transferred from Defendant's West Hempstead, New York branch to the Manhattan, New York branch on or around June 1, 2008, and that as a result, Morales' manager changed from Plaintiff to Jacqueline Farriello.

Except as expressly admitted, Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. No responsive pleading is required from Defendant to the statement contained in Paragraph 24 of the Complaint as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 24 of the Complaint and, therefore, Defendant denies them.

25. No responsive pleading is required from Defendant to the statement contained in Paragraph 25 of the Complaint as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 25 of the Complaint and, therefore, Defendant denies them.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. No responsive pleading is required from Defendant to the statement contained in Paragraph 28 of the Complaint as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 28 of the Complaint and, therefore, Defendant denies them.

29. No responsive pleading is required from Defendant to the statement contained in Paragraph 29 of the Complaint as it relates to a different defendant. To the extent a response is required, Defendant lacks personal knowledge or information sufficient to either admit or deny the allegations of Paragraph 29 of the Complaint and, therefore, Defendant denies them.

30. Defendant denies the allegations of Paragraph 30 of the Complaint

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     Defendant admits that in or around September 2008, Plaintiff took a leave of absence related to a family member's health. Defendant denies participating in any discriminatory or retaliatory conduct against Plaintiff. Defendant lacks personal knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 32 of the Complaint and, therefore, Defendant denies them.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint.

34.     Defendant admits that Plaintiff's counsel directed correspondence to Defendant in or around November 2008, which is a written document that speaks for itself. Except as expressly admitted, Defendant denies the allegations of Paragraph 34 of the Complaint.

35.     Defendant denies the allegations of Paragraph 35 of the Complaint.

36.     Defendant admits Plaintiff attended an interview with corporate security representatives. Except as expressly admitted, Defendant denies the allegations of Paragraph 36.

37.     Defendant denies the allegations of Paragraph 37 of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Race Discrimination In Violation of New York State Human Rights Law)

38.     Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 37, as if fully set forth herein.

39.     Defendant denies the allegations of Paragraph 39 of the Complaint.

40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

41.     Defendant denies the allegations of Paragraph 41 of the Complaint.

42.     Defendant denies the allegations of Paragraph 42 of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation In Violation of New York State Human Rights Law)

43.     Defendant repeats and incorporates herein by reference each and every response

1250438.1

in Paragraphs 1 through 42, as if fully set forth herein.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Aiding and Abetting Violations of New York State Human Rights Law)

47. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 46, as if fully set forth herein.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Race Discrimination in Violation of New York City Human Rights Law)

51. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 50, as if fully set forth herein.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

57. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 56, as if fully set forth herein.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

1250438.1

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Aiding and Abetting Violations of New York City Human Rights Law)

62. Defendant repeats and incorporates herein by reference each and every response in Paragraphs 1 through 61, as if fully set forth herein.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. Plaintiff's claims, in whole or in part or portions thereof, are barred by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred, in whole or in part, because Plaintiff was an employee-at-will.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendant Frazza, individual defendant Susan Cole, or Defendant Bank (collectively

"Defendants") knew or should have known of any alleged discriminatory or retaliatory treatment of the Plaintiff or that Defendants acquiesced in any alleged such treatment.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred, in whole or in part, because Defendant Bank has policies prohibiting discrimination and retaliation and procedures for investigating and preventing discrimination and retaliation and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination and retaliation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred, in whole or in part, to the extent that, and because, Defendants did not authorize, participate in, consent to, or otherwise ratify the conduct about which Plaintiff complains. If Plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct Defendants were not and are not responsible.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred, in whole or in part, to the extent he failed to comply with and satisfy all of the procedural prerequisites for bringing and maintaining an action under the New York Human Rights Law and the Administrative Code of the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, because he failed to adequately mitigate his alleged damages.

1250438.1

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75. To the extent Plaintiff seeks punitive damages, such damages are not recoverable or authorized under some or all of his claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76. To the extent after-acquired evidence of Plaintiff's acts and/or omissions becomes known, it bars Plaintiff from any remedy, or certain remedies, and/or warrants a reduction in any damages to which Plaintiff claims he is entitled.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

77. Defendant states that each and every action he took with respect to Plaintiff was taken in good faith and for legitimate, non-discriminatory reasons and Plaintiff's Complaint fails to allege any facts to demonstrate that the stated reason for terminating Plaintiff's employment was pretext for the alleged discrimination and/or retaliation.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred and/or diminished by estoppel, laches, unclean hands, and/or the statute of frauds.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

79. Plaintiff has failed to properly serve Defendant with the Complaint in this matter.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

80. Defendant reserves all rights to assert additional defenses, whether affirmative or otherwise, which may become available during the course of this litigation.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with costs and disbursements of this action, reasonable attorneys' fees and such other

and further relief as the Court deems just.

Dated: New York, New York
       July 12, 2010

                      KAUFMAN BORGEEST & RYAN LLP

By: _____
Jonathan B. Bruno, Esq.
Deborah M. Zawadzki, Esq.
Attorneys for Defendants
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
(212) 980-9291 (fax)
KBR File No.: 860.198

To:    The Cochran Firm
        Attorneys for Plaintiff
        233 Broadway, 5th Floor
        New York, New York 10279

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing DEFENDANT, SUSAN COLE'S ANSWER AND AFFIRMATIVE DEFENSES has been served on July 12, 2010 via First Class postage prepaid US Mail and ECF upon the attorney for the Plaintiff at the address listed below:

Tracey Brown, Esq.
The Cochran Firm
233 Broadway, 5th Floor
New York, New York 10279

_____
Deborah M. Zawadzki

1250438.1